### STEWART, HOWE & MAY CO. v. UNITED STATES.

(Circuit Court, S. D. New York.   December 20, 1900.)

#### No. 2,895.

CUSTOMS DUTIES—VELVET CORDUROY.
  A pile fabric commercially known as "velvet corduroy" is properly assessed for duty at 18 cents per yard and 25 per cent. ad valorem as a "corduroy, composed of cotton or other vegetable fiber, weighing seven ounces or over per square yard," under Act 1897, par. 315.

Appeal by the Importers from a Decision of the Board of United States General Appraisers.

Alexander P. Ketchum, for importers.
Chas. D. Baker, Asst. U. S. Atty.

TOWNSEND, District Judge. The merchandise in question is a pile fabric commercially known as "velvet cords" or "velvet corduroys." It was assessed for duty at 18 cents per square yard and 25 per cent. ad valorem, as a "corduroy, composed of cotton or other vegetable fiber, weighing seven ounces or over per square yard," under the first proviso of paragraph 315 of the act of 1897. The importer protests, claiming that it is dutiable as a "dyed pile fabric," at 12 cents per square yard and 25 per cent. ad valorem, under the first section of said paragraph. The board of general appraisers has found

that, while these goods are known as "velvet cords" or "corded velvets," they are but a species of corduroys, possessing all the essential characteristics thereof; such pile fabrics being only a finer quality of corduroys, with smaller cords. The counsel for the importer contends that the terms "corded velvet" or "cords" are generic terms, of which corduroy is a species, and that these goods are distinguished from the ordinary corduroy by the facts that they are made on a different kind of loom, by a different class of manufacturers, for a different purpose, and are to be used by women, rather than by men, and differ in width and weight from the goods known as "corduroys." On the other hand, it appears that these goods are made in substantially the same way, and of the same materials, and that the differences are largely differences in quality and weight. It further appears that there is no commercial designation of these goods which would take them out of the class of corduroys, and several of the witnesses say that they are commercially classed and are generally known as "corduroys," and that they are corduroys in fact, and nothing else. After a careful examination of the evidence, and consideration of the forcible arguments of counsel, I am satisfied that the weight of evidence supports the conclusions reached by the board of general appraisers, and that their decision should be affirmed.